

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed July 3, 2018

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 18-30387-BJH-13 |
| | § | |
| MARY CASTILLO | § | |

ORDER ALLOWING THE SALE OF PROPERTY

The Court, having considered the Motion to Sell Property filed by the Debtor, finds the same is well taken and hereby Finds:

That this Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334.  This is a core proceeding pursuant to 28 U.S.C. Section 157(b).

**IT IS ORDERED** that the Debtor is allowed to sell the property known as 2719 Dewitt, Irving, Texas and being more fully described as Lot 3, Block 17 of Freeway Park 2 Addition, City of Irving, Texas (the "Property").

After payment of closing costs and the mortgage and mechanic's lien secured by the Property, the Title Company shall immediately pay funds of $6,000 to the Chapter 13 Trustee and deliver it to P.O. Box 1958, Memphis, TN 38101-1958 upon closing of the Real Property.

IT IS FURTHER ORDERED that the Debtor shall amend the Chapter 13 Plan to pay out 100% in regards to all remaining allowed general unsecured claims; further that the Plan may never be modified to pay any less than 100% to timely filed general unsecured creditors.

IT IS FURTHER ORDERED that upon receipt of the proceeds, the Trustee shall increase the Plan Base and make the plan sufficient to pay the Debtor's timely filed and allowed non-priority general unsecured creditors at 100%, reduced by the payment of any allowed priority claims and administrative expenses, after payment of the Trustee's fee without the necessity of filing a separation Modification of the Chapter 13 Plan After Confirmation as the proceeds are a non-exempt asset of the bankruptcy estate.  The sale proceeds shall only be applied to payment toward the benefit of unsecured creditors and the Trustee's fee.

IT IS FURTHER ORDERED that any funds remaining from the sale of the homestead not invested in a new homestead after six (6) months from the sale of the Property shall be non-exempt asset of the bankruptcy estate fro the benefit of the Debtor's unsecured creditors.  The Chapter 13 Trustee reserves the right to file a Modification of the Chapter 13 Plan to account for the non-exempt value of the sales proceeds.

IT IS FURTHER ORDERED that upon the written request of the Chapter 13 Trustee, the Debtor shall provide an accounting of the sale proceeds after the 6 months from the sale proceeds.

IT IS FURTHER ORDERED that a copy of the final closing statement shall be provided to the Chapter 13 Trustee (attention to: Heena Hirani), within five (5) business days of closing on the property.

**SO ORDERED.**

# # # End of Order # # #

Order submitted by:
Lawrence Herrera
4717 W. Lovers Lane
Dallas, Texas 75209
SBN 09530150
EMAIL: LHerrera@flash.net
(214) 526-0334 / (214) 526-3098 FAX

ATTORNEY FOR DEBTOR

Agreed:

/s/ Heena Hirani
Heena Hirani, Staff Attorney for Chapter 13 Trustee

/s/ LynAlise Tannery
Attorney for Nationstar